## Case No. 1,421.

In re BININGER et al.

[9 N. B. R. (1874,) 568.][1]

District Court, S. D. New York.

BANKRUPTCY—POWERS OF REGISTER — ASSIGNEE'S BOND—REVOKING NOTICE.

1. The power of the register to require the assignee to give the bond required by the 13th section of the act upon the written request of creditors who have proven their claim, or to proceed to take testimony for the purpose of ascertaining the amount in which such bond ought to be given. Doubted.

[2. Act March 2, 1867, § 13, (14 Stat. 522,) providing that the judge, upon request, in writing, of any creditor who has proved his claim, shall require the assignee to give bond for the faithful performance of his duty, requires a ministerial act, which the register may perform.]

In bankruptcy.

I, the undersigned register in charge of the above entitled matter, do hereby certify that a petition has been filed with me, on the part of John S. Beecher, Esq., assignee, setting forth that on the 24th day of November, 1871, he was served with a notice, which notice was to the effect that several creditors of the bankrupt who had proved their claims had filed with the register in charge a request in writing that the said assignee, John S. Beecher, be required to give a good and sufficient bond for the faithful performance and discharge of his duty pursuant to the requirements of the 13th section of the act, and that testimony would be taken before said register at his office on the 28th day of November instant, for the purpose of fixing the amount of such bond. The said petition further sets forth that the said assignee has never been served with any copy of the request in said notice referred to, nor with any order of the court requiring him to give a bond, nor with any order of the court authorizing the register to fix the amount of any such bond, nor with any order of the court referring it to said register to take testimony concerning such bond, or the amount thereof, and that as he is informed and believes no such order has been made. And thereupon the said petitioner in and by said petition applies to me, the said register, for "an order revoking, recalling, and countermanding such notice," and the said petition

[1] [Reprinted by permission.]

further asks that in case such application be refused by said register, then he, the said petitioner raises the point that said notice and the taking of testimony under the same are unauthorized by law, and that the register is not authorized by law to issue such notice, nor to proceed in pursuance thereof without a special order of the court. The said petition is accompanied by an order of this court founded thereon, staying all proceedings under said notice and application referred to, until the register shall have certified to the court the point raised by the said petition. Having declined to make an order revoking, recalling or countermanding said notice, I proceed as required in said petition and order to certify to the judge for decision the point whether I am as a matter of law bound to make the order so applied for. And I hereby certify that on the 23d day of November instant, a request, signed by Townsend, Montant & Co., creditors of said estate, who have proved their claims to the amount of $6,493.42; C. Dord & Co., creditors of said estate, who have proved their claim to the amount of $3,341.80; the Ocean National Bank, creditor of said estate, who has proved its claim to the amount of $11,677.02; the Continental National Bank, a creditor of said estate, who has proved its claim to the amount of $12,418.86; James S. Craig, a creditor of the said estate, who has proved his claim to the amount of $13,443.50; and Mansfield Compton, a creditor of the estate of the said A. B. Clark, who has proved his claim to the amount of $1,811.50, asking that the said assignee be required to give a good and sufficient bond as required by the 13th section of the bankrupt act. That thereupon I directed a notice to be given to said assignee and to the said creditors, that for the purpose of fixing the amount of said bond I would take testimony at my office on the 28th day of November instant, at 1 o'clock on that day.

F. N. Bangs, for assignee.

By J. T. WILLIAMS, Register. The language of the 13th section of the act is, "The judge * * * upon request in writing of any creditor who has proved his claim, shall require the assignee to give a good and sufficient bond to the United States with a condition for the faithful performance and discharge of his duties." These imperative words require nothing but a ministerial act. The report of the congressional committee on provisions of the laws, dated February 23, 1871, which was accepted by congress as a legislative construction of the bankruptcy act, has these words: "The theory of the existing law is that every matter of law or fact upon which an issue is framed shall be adjudicated by the district judge as a court of bankruptcy, and that every other matter of administration under the law and the general orders may be disposed of by the register." It is a principle long ago settled, and universally acted upon that whatsoever power is by statute conferred upon an officer, such officer is bound in duty to exercise that power. General order 5 devolves upon the register, "the administrative duties arising under the several cases referred to them." The order of reference under which this case was committed to my charge required me "to take such proceedings therein as are required by the act." I therefore regard it my duty to do in this case, as well as all others, every act which by the bankruptcy act and general orders I may perform. If requiring a bond of an assignee under the circumstances above referred to be not one of the duties enjoined upon a register, I know not by what criterion we shall ascertain what acts he may perform. It is not perceived why the ascertaining by testimony what sum a bond shall be in, before requiring the assignee to execute it is not a duty incident to the requiring of such a bond.

I am aware that the court, Ballard J., in the Case of Dean, [Case No. 3,699,] upon an objection to the fee charged by a register for taking such a bond, says: "I am of opinion that the judge only—that is, the district judge—can require an assignee to execute a bond." But it will be observed that he holds this bond so taken by the register to be valid, and allows the fee charged therefor. It is clear therefore that the remark was obiter, or rather that the decision of the court was contrary to the opinion so expressed. But such dictum is in teeth of the legislative construction of the act above referred to. The words "judge," "court," and "register," are used indiscriminately in the act—the criterion of construction being, "Whenever the judicial power is required to be exercised, it must be by the judge, and when the act is administrative or ministerial, it may be by the judge, or by the register." See Congressional Reports above referred to. Such has been repeatedly the construction the court has given to these words. Take, by way of example, the 23d section of the act, which refers to the first meeting of creditors before the register at his office, where the judge is never present. That section provides that when a claim is presented for proof before the election of an assignee, and the judge entertains doubt of its validity, or of the right of the creditor to prove it, and is of opinion that such validity ought to be investigated by the assignee, he may postpone the proof until the assignee is chosen. Here the word "judge" has uniformly been construed to mean or include register, and could by no possibility have any other construction. See In re Orne, [Case No. 10,581;] In re Herman, [Id. 6,426;] In re Noble, [Id. 10,282;] In re Jones, [Id. 7,447;] In re Stevens, [Id. 13,391;] In re Chamberlain, [Id. 2,574.] But the question presented here is whether the register is bound as a matter of law to grant an

"order revoking, recalling and countermanding the notice" above referred to. It is clear that he is not bound as a matter of law so to do, if the granting or refusing to make such an order is a matter concerning which he may exercise any discretion whatever.

I am requested to make an order revoking, recalling and countermanding a notice, on the ground that I had no statutory authority to entertain such proceedings. But if I had no authority to entertain such proceedings, I am at a loss where to look for authority to make an order revoking such a notice. A notice may be given without authority, statutory or otherwise, by any one who sees fit to give it; but to make an order one must have authority. It was perhaps competent to take such testimony without notice to the assignee. But I know of no law that forbids the giving of such notice. Yet if the taking of such testimony would be an act of supererogation, it would be difficult to see how the assignee could be injured by it, and if not injured by it, how can he be heard to complain of it? Upon the theory upon which the counsel for the assignee asks that the notice be revoked, the testimony when taken would be immaterial and worthless, and consequently in no way injurious to him. He has no right to presume what may be the future action of the register, except to presume that it will be legal. But the only question now presented is, is the register bound as a matter of law to make the order asked for? And I further certify that at the hour in said notice specified counsel for divers creditors appeared at my chambers, to wit: Mr. Marsh, Mr. Blanchard, Mr. Compton, Mr. Corbett and Mr. Cronin, and upon being informed by me of the order of the court staying the proceedings, under said notice, they requested me to state in my certificate to the court, required by said order, that in case your honor should entertain doubts of the correctness of the practice pursued by the register, they desired to be heard before your honor.

All of which is respectfully submitted.

BININGER et al., In re. See Case No. 6,058.

BININGER, (BEECHER v.) See Case No. 1,222.

BININGER, (CLARK v.) See Case No. 2,-815.

BININGER, (HARDY v.) See Case No. 6,-057.

BINNEY, (CHESAPEAKE & O. CANAL CO. v.) See Case No. 2,645.

BINNEY, (HECKSCHER v.) See Case No. 6,316.

BINNEY, (UNION PAPER-BAG MACH. CO. v.) See Case No. 14,387.

BINNEY, (UNITED STATES BANK v.) See Case No. 16,791.